OPINION OF THE COURT

Per Curiam.

Order dated February 13, 1980 reversed and the information is reinstated.
This case arises from a criminal prosecution of Macy’s New York, Inc. for violation of a fire department “order” issued in March, 1978. The order, number 78-2129, directed Macy’s to comply with the following within 30 days:
“1. Place the interior fire alarm systems in proper operating order * * * Include alarm bells, relays, fire stations, trouble bells and all electrical components throughout stores and buildings. * * *
*72 “6. Fire stations did not operate correctly at time of inspection and test. * * *
“8. Have a licensed master electrician file electrical form A-433 with this department. * * *
“10. A complete test of entire fire alarm system when above items have been completed.”
On June 14, 1979, a fire broke out at Macy’s Herald Square Store at Seventh Avenue. Extensive property damage was caused and one fireman lost his life fighting the blaze.
Immediately after the June 14 fire, a fire department team inspected Macy’s premises. There had been, according to the prosecution, reports that the alarm on the fifth floor had not sounded during the fire. The inspection revealed the possibility that some of the alarms were in fact defective and had failed to respond properly on June 14.
An appearance ticket was served in late June, 1979 on Edward Morenberg, a Macy’s official, charging him with disobeying provisions 1, 6, 8, and 10 of the March, 1978 department “order”.*
Violation of that order, it was alleged, transgressed section 488-1.0 of the Administrative Code of the City of New York. That section pertinently reads: “Any person who shall wilfully violate, or neglect, or refuse to comply with any provision or requirement of this chapter or any regulation, [or] order *** [thereunder], shall * * * be guilty of a misdemeanor.”
Stated succinctly the issue on appeal is whether a prosecution may be maintained under section 488-1.0 in spite of the absence in the March, 1978 order of a specification of the defects then existing in Macy’s alarm system. Judge Williams granted the defendant’s motion to dismiss, finding that the failure to particularize the conditions to be corrected barred Macy’s prosecution. We reverse.
Subdivision g of section C19-161.0,and subdivision c of section 487e-2.0 of the Administrative Code impose an *73 affirmative obligation on department stores to place interior fire alarms on their premises and to keep the alarms in “proper working order”. A person holding a certificate of fitness on behalf of the store is required to check the alarms on a periodic basis and to see that they are maintained in working order. Section 488-1.0 of the Administrative Code makes it illegal for anyone to “neglect or refuse to comply with any provision or [order] of this chapter”. Since, by the terms of the Administrative Code, Macy’s must keep its alarm systems in “operating order” violation by Macy’s of a fire department directive to that precise effect would seem to satisfy the statutory elements of criminal liability under section 488-1.0.
The lower court’s construction of section 491 of the New York City Charter, that the department order must refer to a specific condition to be rectified, is one we cannot concur with. The unadorned wording of section 491 speaks only of “any condition in violation of any * * * provision of law”. And, in light of a department store’s duty to maintain an effective and operational alarm system, a failure to live up to that duty (as is alleged here) can, we believe, be the subject of a prosecution under section 488-1.0 of the Administrative Code.
Finally, the fire alarm provisions at issue here should be placed in their proper context as regulatory legislation and exercises of the city’s police power. Constitutional and common-law considerations normally applicable in criminal proceedings have been relaxed considerably in the regulatory area (see United States v Balint, 258 US 250 [mens rea not necessary in criminal prosecution founded on violations of administrative regulation]; United States v Dotterweich, 320 US 277; Tenement House Dept, of City of N. Y. v McDevitt, 215 NY 160) and the presumption of the constitutionality of legislation should be at its strongest here.
Concur: Hughes, J. P., Tierney and Riccobono, JJ.

 Macy’s has since been substituted as defendant in this case.